UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **Kendra Haley,** | Civil Action No.:_____ |
| **Plaintiff,** | |
| v. | **COMPLAINT** |
| **Experian Information Solutions, Inc.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

1. This is an action brought by Plaintiff, Kendra Haley, for actual, statutory and punitive damages, attorneys' fees, and costs for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, (hereinafter "FCRA").

2. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3. The FCRA likewise demands that consumers' disputes of inaccurate information be taken seriously by the consumer reporting agencies, requiring that they do much more than simply pass information between themselves and furnishers of information electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

4. Before the enactment of the FCRA, inaccurate and misleading information was identified as "the most serious problem in the credit reporting industry." 115 Cong. Rec.

1

2411 (Jan. 31, 1969). With this problem in mind, Congress enacted the FCRA "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." S. Rep. No. 91-517 (1969).

5. To accomplish Congress' goals, the FCRA contains a variety of requirements to protect consumers, including §§ 1681c and 1681e, which are two of the cornerstone provisions of the FCRA.

6. One of the primary purposes of the FCRA is to assure "maximum possible accuracy" of consumer information to ensure the stability of our banking system:

> The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

*See* 15 U.S.C. § 1681(a)(1).

## JURISDICTION AND VENUE

7. This Court has Jurisdiction under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681p, and 28 U.S.C. §1331 and §1332.

8. Venue is proper in the Florence Division because the Plaintiff resides in Florence County and the Defendant transacted business in this division.

## PARTIES

9. Plaintiff, Kendra Haley, is a resident and citizen of the State of South Carolina, Florence County, and is over the age of twenty-one (21) years. Plaintiff is a consumer as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

10. Defendant Experian Information Solutions, Inc., ("Experian") is an Ohio company

2

registered to do business in South Carolina with the South Carolina Secretary of State. Defendant may be served with process through its registered agent for service of process, C T Corporation System, 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. At all times and in all respects relevant herein, Defendant was doing business in the state of South Carolina and in this division.

11.     Defendant Experian is a credit reporting agency ("CRA") as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a. Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

12.     Defendant disburses such consumer reports to third parties under contract for monetary compensation.

13.     Defendant's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which requires Defendant to provide a consumer with a complete copy of their credit file upon request, to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file, and which requires Defendant to conduct a reasonable reinvestigation of disputed information received from the Plaintiff.

14.     The Plaintiff alleges that Defendant repeatedly failed to provide her with a complete copy of her credit file after numerous requests; failed to delete and suppress erroneous, false, misleading, or inaccurate information from the Plaintiff's Experian credit file; failed to reinvestigate Plaintiff's disputes; failed to add a fraud alert and/or extended fraud alert; and failed to block fraudulent information after receipt of a police report. Defendant also

repeatedly disseminated Plaintiff's inaccurate credit file to third parties, causing Plaintiff to suffer damages as set forth herein.

## FACTUAL ALLEGATIONS

15.     On or about October 14, 2022, Plaintiff's life came crashing down as she discovered that her husband had a gambling addiction and in order to feed said addiction, that he had been opening fraudulent accounts and/or lines of credit in Plaintiff's name without her knowledge or consent, as well as fraudulently taking over at least one of Plaintiff's own credit card accounts.

16.     On or about October 19, 2022, Plaintiff obtained a copy of her credit report from Defendant which showed that multiple fraudulent accounts were reporting on the Plaintiff's Experian credit report and her credit score was 611.

17.     On or about December 2, 2022, Plaintiff sent a written dispute letter to Defendant, via certified mail, return receipt requested.  In her letter, Plaintiff specifically informed Defendant that she had been the victim of identity theft and fraud, and that she had learned that her husband had opened numerous accounts and loans in her name without her permission to feed his gambling addiction ("First Dispute").  In her First Dispute, Plaintiff provided her full social security number, date of birth, and address.  Plaintiff disputed the reporting of five accounts as fraudulently opened in her name without her knowledge: 1st Franklin Financial; Freedom Plus; Prosper Marketplace; SOFI Bank; and SYNCB/Amazon.  Plaintiff also disputed a USAA account as having been fraudulently used after her husband added himself to the USAA Account without Plaintiff's permission and maxed out the account.  Finally, Plaintiff disputed five inquiries as "not mine."  Plaintiff requested that

all of the fraudulent accounts and inquiries be deleted from her credit report. Plaintiff also requested that Defendant add a fraud alert to her credit report.

18. Defendant received Plaintiff's First Dispute on December 19, 2022.

19. Defendant never responded to Plaintiff's First Dispute. Accordingly, on or about February 28, 2023, Plaintiff sent a second written dispute letter to Defendant. ("Second Dispute"). In her Second Dispute, Plaintiff specifically informed Defendant that she had sent a prior dispute letter on December 12, 2022, but Defendant had not responded. Accordingly, Plaintiff requested that Defendant respond to her Second Dispute and delete the following accounts from her credit report as they were fraudulent accounts opened in her name without her knowledge: 1st Franklin Financial; Freedom Plus; Prosper Marketplace; SOFI Bank; and SYNCB/Amazon. Plaintiff also continued to dispute the USAA Account, stating that the balance claimed due was the result of fraudulent charges made by Plaintiff's husband without Plaintiff's knowledge or permission. Plaintiff disputed five inquiries as "not mine" and requested they be removed. Finally, Plaintiff requested that Defendant add a fraud alert to her Experian credit file.

20. Defendant received Plaintiff's Second Dispute on March 6, 2023.

21. Plaintiff never received a response to her Second Dispute from Defendant. Defendant did not investigate Plaintiff's disputes, did not remove the fraudulent accounts and inquiries, and did not add a fraud alert to the Plaintiff's Experian credit file.

22. On or about March 28, 2023, Plaintiff sent a third dispute letter to Defendant via certified mail, return receipt requested. ("Third Dispute"). With her Third Dispute, Plaintiff included a copy of the police report she had filed in Florence County regarding

5

the identity theft.

23.     Defendant received Plaintiff's Third Dispute and police report on April 3, 2023.

24.     Following receipt of Plaintiff's Third Dispute, Defendant again did absolutely nothing.  Defendant never responded to Plaintiff's letter.  Defendant did not investigate Plaintiff's disputes.  Defendant also specifically failed and/or refused to block the fraudulent accounts after Plaintiff supplied Defendant with a filed police report.  Finally, Defendant failed to add the fraud alert to Plaintiff's credit file.

25.     Plaintiff repeatedly attempted to obtain a copy of her Experian credit report so she could see if any additional fraudulent accounts or inquiries had been added to her file.  Unfortunately, after initially obtaining her Experian credit report on October 19, 2022, she was never again able to obtain or view a copy of her Experian credit report.

26.     On or about May 19, 2023, Plaintiff sent a fourth dispute to Defendant wherein she specifically asked Defendant why it was refusing to respond to her disputes.  ("Fourth Dispute").  Plaintiff also informed Defendant she was unable to get a copy of her Experian credit report.  Plaintiff disputed the 1st Franklin Financial, Freedom Plus, Prosper Marketplace, SOFI Bank, and SYNCB/Amazon accounts as fraudulently opened in her name without her knowledge.  Plaintiff also disputed the USAA account as fraudulently used without her knowledge or permission.  Finally, Plaintiff disputed five inquiries as fraudulent.  Plaintiff specifically asked Defendant to delete all of these accounts and inquiries from her credit report and forward her a copy of her updated credit report so that she could see if any other fraudulent accounts had been opened that she was not aware of.  Plaintiff also asked Defendant to add an extended fraud alert to her credit report.

27. To date, Defendant has never responded to Plaintiff's disputes. Defendant continues to refuse to block the fraudulent information from Plaintiff's Experian credit file, and continues to incorrectly report multiple fraudulent accounts as belonging to Plaintiff. Additionally, Defendant has failed and/or refused to remove the fraudulent inquiries.

28. Defendant repeatedly failed to provide Plaintiff with a complete copy of her credit file after she requested same.

29. Defendant repeatedly failed to make a reasonable investigation into Plaintiff's disputes.

30. Defendant repeatedly and intentionally ignored Plaintiff's disputes and blocked Plaintiff from being able to obtain a copy of her Experian credit file.

31. Defendant's knowing and repeated conduct warrants an award of punitive damages. *See, e.g., Younger v. Experian Info. Sols. Inc.,* Case No. 2:15-cv-00952-SGC, at *30 (N.D. Ala. Mar. 21, 2019) (awarding punitive damages for repeated, willful violations of the FCRA).

## COUNT ONE
(Fair Credit Reporting Act)

32. The Plaintiff adopts the averments and allegations of paragraphs 15 through 31 hereinbefore as if fully set forth herein.

33. Defendant maintains and distributes credit data files on the Plaintiff's credit. Defendant negligently failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports,

7

as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and (c) failing to block the reporting of fraudulent information, as required by 15 U.S.C. §1681c-2(a).

34. Defendant repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

35. As a result of Defendant's negligent violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of credit, increased cost of credit and/or insurance, anxiety, worry, fear, loss of sleep, family discord, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment and mental anguish. Additionally, the damage to Plaintiff's credit score precluded her from seeking further credit opportunities and also caused her to not receive promotional offers of credit. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

36. In addition, the Plaintiff has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

37. Plaintiff is entitled to her attorneys' fees, pursuant to 15 U.S.C. §1681n(a).

**COUNT TWO**
(Fair Credit Reporting Act)

38. The Plaintiff adopts the averments and allegations of paragraphs 15 through 37 hereinbefore as if fully set forth herein.

39. Defendant willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to: (a) failing to follow

4:23-cv-03425-JD     Date Filed 07/18/23     Entry Number 1     Page 9 of 10

reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i; and (c) failing to block the reporting of fraudulent information, as required by 15 U.S.C. §1681c-2(a).

40.    Defendant willfully failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

41.    Due to Defendant's willful failure to comply with the requirements of the Fair Credit Reporting Act, Plaintiff is entitled to statutory damages.

42.    As a result of Defendant's willful violations of the FCRA, the Plaintiff suffered, continues to suffer, and will suffer future damages, including, but not limited to, damage to Plaintiff's credit score and credit reputation, denial of credit, increased cost of credit and/or insurance, anxiety, worry, fear, loss of sleep, family discord, headaches, loss of enjoyment of life, physical pain and sickness, frustration, humiliation, embarrassment and mental anguish. Additionally, the damage to Plaintiff's credit score precluded her from seeking further credit opportunities and also caused her to not receive promotional offers of credit. Plaintiff is entitled to actual damages in an amount to be determined by the jury.

43.    Further, Defendant's acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights.  Therefore, Defendant is liable to the Plaintiff for punitive damages in an amount to be determined by the jury.

44.    In addition, the Plaintiff has incurred litigation expenses, and attorneys' fees which, but for the acts and omissions of Defendant alleged herein, would not have been necessary.

45.    Plaintiff is entitled to her attorneys' fees, pursuant to 15 U.S.C. §1681o(a)(2).

9

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A.  Actual and statutory damages from Defendant pursuant to 15 U.S.C. §1681n(a)(1)(A) and/or 15 U.S.C. §1681o(a)(1);

B.  Punitive damages from Defendant pursuant to 15 U.S.C. §1681n(a)(2);

C.  Costs and reasonable attorney's fees from Defendant pursuant to 15 U.S.C. §1681n(a)(3) and/or 15 U.S.C. §1681o(a)(2); and

D.  For such other and further relief as the Court may deem just and proper

*/s/ Penny Hays Cauley*
Penny Hays Cauley, Fed. ID No. 10323
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

*/s/ Penny Hays Cauley*
Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL:**
Experian Information Solutions, Inc.
c/o C T Corporation System
2 Office Park Court, Suite 103
Columbia, South Carolina 29223